■ HYFIN CREDIT UNION, Appellant, v STUART E. LIEBOWITZ et al., Respondents, et al., Defendants. — In a mortgage foreclosure action, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Meade, J.), entered May 5, 1983, as denied its motion to strike the answer of defendants Stuart Liebowitz and Marian Liebowitz and for summary judgment against said defendants. ¶ Order reversed, insofar as appealed from, on the law, with costs, and plaintiff's motion to strike the Liebowitzes answer and for summary judgment against them granted, and matter remitted to Special Term for further proceedings consistent herewith. ¶ In June, 1981 plaintiff granted six loans to six individuals. Two of those loans were granted to defendants Stuart Liebowitz and Marian Liebowitz. The Liebowitzes guaranteed the other four loans and executed a note and mortgage on their residence for the aggregate sum of these six loans. They defaulted on their obligations and plaintiff commenced this action. The Liebowitzes interposed an affirmative defense alleging that the 18% interest imposed was usurious. Plaintiff moved, *inter alia*, for summary judgment against the Liebowitzes. ¶ Special Term erred in holding that issues of fact existed as to the interest rate and charges which would preclude the granting of summary judgment. The only question was one of law as to whether or not the 16% maximum interest rate provided by section 14-a of the Banking Law was applicable to these loans. We conclude it was not. ¶ Subdivision 1 of section 5-501 of the General Obligations Law provides that the ceiling of section 14-a shall apply "except * * * as otherwise provided by law". Section 454 of the Banking Law sets forth the limitations on loans by credit unions. For loans which exceed a member's deposits in the credit union by more than $40,000, the conditions imposed include the requirement that the interest rate not exceed that provided by section 14-a (Banking Law, § 454, subd 12, par [a], cl [5]). This condition is conspicuously absent for all amounts which equal or are under $40,000 (see Banking Law, § 454, subd 12, par [a], cls [2], [3], [4]). Coupled with the removal of previously existing ceilings in section 453 of the Banking Law, this means that, with the above-noted exceptions, credit unions are limited only by the criminal usury ceiling of 25% (Penal Law, § 190.40). When the interest and charges are calculated, the rate herein is clearly less than 25%. ¶ The Liebowitzes set forth no other evidence with respect to this defense or any other matter which would preclude the granting of summary judgment. Accordingly, plaintiff's motion should have been granted. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.